## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

(1)   JAMES L. SANDERS,

Plaintiff,

v.

(1)   ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,

Defendant.

Case No.  21-cv-00139-TCK-JFJ

ATTORNEY LIEN CLAIMED
JURY TRIAL DEMANDED

## COMPLAINT

**COMES NOW** the Plaintiff, James L. Sanders, by and through his attorneys of record, SMOLEN | LAW, PLLC, and for his causes of action against the Defendant, Allstate Fire and Casualty Insurance Company, alleges and states the following:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a citizen of the State of Oklahoma and a resident of Tulsa, Oklahoma.

2. Defendant Allstate Fire and Casualty Insurance Company ("Defendant" or "Allstate") is a foreign, for-profit insurance corporation organized and existing under the laws of the State of Illinois, with its principal place of business located in the State of Illinois.

3. Allstate regularly conducts business within the judicial confines of the United States District Court for the Northern District of Oklahoma.

4. A substantial part of the acts, occurrences, omissions, and damages complained of herein occurred within the judicial confines of the United States District Court for the Northern District of Oklahoma.

5. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds $75,000.00 and Plaintiff is alleging a controversy between citizens of different states.

6. Venue is appropriate in this Court, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the acts, occurrences, and omissions giving rise to Plaintiff's claims occurred within the judicial confines of the United States District Court for the Northern District of Oklahoma.

**FACTUAL BACKGROUND**

7. Paragraphs 1-6 are incorporated herein by reference.

8. On or around December 13, 2018, Plaintiff was involved in a hit-and-run motor vehicle collision in Tulsa, Oklahoma (the "Collision").

9. Plaintiff bore no fault for the Collision.

10. As a result of the Collision, Plaintiff suffered significant bodily injuries and incurred considerable medical expenses.

11. At the time of the Collision, Plaintiff was covered under a policy of uninsured/underinsured motorist ("UM") coverage, written and issued by Allstate.

12. Because the tortfeasor responsible for Plaintiff's injuries fled from the scene of the Collision and was unidentifiable, there was no liability insurance coverage available to compensate Plaintiff for his injuries, and he was entitled to UM benefits under his policy of insurance written and issued by Allstate that was in effect at the time of the Collision.

13. Beginning on or about April 16, 2019, and continuing thereafter, Plaintiff submitted to Allstate all medical records and medical bills necessary to evaluate his UM claim, and provided multiple authorizations to obtain additional medical records and medical bills.

14. Despite being provided everything necessary to evaluate Plaintiff's UM claim, Allstate unreasonably delayed and undervalued Plaintiff's claim and denied making payment owed under the UM policy.

15. Allstate has been in possession of all information necessary to evaluate Plaintiff's UM claim for well over sixty (60) days, for many, many months. Allstate has wholly delayed the handling of Plaintiff's UM claim in an attempt to manufacture a basis not to pay benefits under the applicable policy of insurance.

16. At all times relevant hereto, Plaintiff relied on Allstate to properly handle his claim and make payment pursuant to the coverage afforded under the applicable policy of insurance.

17. Plaintiff made all necessary and required demands on Allstate for payment of the benefits owed under the applicable policy of insurance and otherwise satisfied all conditions precedent for payment under the applicable policy of insurance.

18. Allstate has unreasonably failed and refused to pay Plaintiff the appropriate benefits due under the applicable insurance policy.

19. As a result, Plaintiff has suffered the loss of insurance policy benefits, mental and emotional distress, anxiety, embarrassment, and financial hardship as a result of Allstate's refusal to provide benefits owed under the policy.

## CAUSES OF ACTION

### COUNT I: BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

20. Paragraphs 1-19 are incorporated herein by reference.

21. Defendant owed Plaintiff a duty to act in good faith and deal fairly with him in its handling of his claim for benefits under the policy.

22. Plaintiff requested that Defendant tender any and all available benefits under the applicable policy, but Defendant has failed and refused to do so.

23. In its handling of Plaintiff's claims for benefits under the insurance policy, and as a matter of routine practice in handling similar claims, Defendant breached its affirmative duty to deal fairly and in good faith towards the Plaintiff in the following respects:

    a. Failing to pay Plaintiff the benefits he was entitled to receive under the applicable Allstate policy when Defendant knew Plaintiff was entitled to those benefits;

    b. Withholding payment of benefits due and owing under the applicable Allstate policy when Defendant knew that Plaintiff's claim for such benefits was valid;

    c. Unreasonably delaying payment of benefits under the applicable Allstate policy without reasonable basis;

    d. Refusing to pay Plaintiff's claim for benefits under the applicable policy for reasons contrary to the express provisions of the law;

    e. Intentionally and recklessly misapplying provisions of the applicable Allstate policy and looking for ways to avoid paying some or all of Plaintiff's claims for benefits under the policy;

    f. Failing to properly investigate Plaintiff's claims for benefits under the applicable Allstate policy;

    g. Failing to properly evaluate Plaintiff's claims for benefits under the applicable Allstate policy;

      h.      Failing to adopt and implement reasonable standards for the prompt investigation, evaluation, and handling of claims arising under its policy, including Plaintiff's claims;

      i.      Unreasonably delaying Plaintiff's claims for benefits and putting the burden of investigation onto Plaintiff and his attorneys; and

      j.      Failing to attempt to act in good faith to effectuate a prompt and fair settlement of Plaintiff's claims.

24. As a direct result of Defendant's breach of its affirmative duty of good faith and fair dealing, Plaintiff has suffered the loss of insurance benefits, mental and emotional distress, anxiety, embarrassment, medical expenses, and financial hardship.

## COUNT II: PUNITIVE DAMAGES

25. Paragraphs 1-24 are incorporated herein by reference.

26. The intentional, wanton, and reckless conduct of Defendant in disregard of Plaintiff and others was conducted with full knowledge, in that Defendant knew, or should have known, of the severe adverse consequences of its actions upon Plaintiff and others.

27. Such actions were not only detrimental to Plaintiff, but to the public in general.

28. Defendant acted intentionally, maliciously, and in reckless disregard of the rights of Plaintiff. As a result, Plaintiff is entitled to recover punitive damages against Defendant.

**WHEREFORE**, based on the foregoing, Plaintiff prays that the Court grant him the relief sought, including, but not limited to, actual damages in excess of Seventy-Five Thousand Dollars ($75,000.00), punitive damages in excess of Seventy-Five Thousand Dollars ($75,000.00), all applicable pre-judgment interest, post-judgment interest, reasonable attorneys' fees, costs, and all other relief deemed appropriate by this Court.

Respectfully submitted,

SMOLEN | LAW, PLLC

/s/Donald E. Smolen, II
Donald E. Smolen, II, OBA #19944
Laura L. Hamilton, OBA #22619
Lawrence R. Murphy, Jr., OBA #17681
Hunter K. Bailey, OBA #34219
611 S. Detroit Ave.
Tulsa, OK  74120
P: (918) 777-4LAW (4529)
F: (918) 890-4529
don@smolen.law
laura@smolen.law
larry@smolen.law
hunter@smolen.law
*Attorneys for Plaintiff*